UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASSANDRA A. ALLEN,

    Plaintiff,

v.

                              Case No. 3:24-cv-1093-TJC-MCR

JEFFREY TINKER and
SHIFTSMART, INC.,

    Defendants.

## **O R D E R**

**THIS CASE** is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint, Doc. 25, and Defendant's Motion to Strike Plaintiff's Second Amended Complaint, Doc. 28.

Plaintiff's amended complaint still has problems and is due to be dismissed again without prejudice. Plaintiff should be aware that when an amended complaint is filed, it replaces any prior complaint (or amended complaint). Plaintiff cannot rely on information in a prior complaint but must include all the appropriate and necessary information in her latest complaint. For example, the form complaint for employment asks if plaintiff received a Right to Sue letter. Plaintiff completed this information in her initial complaint (Doc. 1) but not for the amended complaint (Doc. 24). If she wants the Right to Sue letter to be included, it must be part of the current (latest) complaint.

Plaintiff may use the form complaint, but it still needs to include a short factual statement to support each separate claim she is making. If plaintiff is alleging claims under Title VII, the defendant should be her alleged employer and not an individual who works for that company because Title VII does not allow individual liability.[1]

One way to establish a race discrimination claim is for plaintiff to show: (1) she is a member of a protected class; (2) she was qualified for her job; (3) she suffered an adverse employment action; and (4) she was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside the protected class. Maynard v. Bd. of Regents, 342 F.3d 1281, 1289 (11th Cir. 2003).[2] For a retaliation claim, plaintiff must show: (1) she engaged in statutorily protected activity, (2) she was adversely affected by an employment decision, and (3) there was a causal connection between the statutorily protected conduct and the adverse employment action. Drago v. Jenne, 453 F.3d 1301, 1307 (11th Cir. 2006). Plaintiff must allege enough facts

---

[1] Different claims would have different standards. Because plaintiff is representing herself, she is responsible to decide which claims to bring.

[2] This is not the only method to establish a race discrimination claim. Another option is to present a convincing mosaic of evidence, as described in McCreight v. AuburnBank, 117 F.4th 1322, 1334 (11th Cir. 2024) (noting "the McDonnell Douglas framework and the 'convincing mosaic standard' are two ways to approach the same question: whether the plaintiff has put forward enough evidence for a reasonable jury to conclude that illegal discrimination occurred.")

to support all the required parts of her claim(s).

In addition to the information previously provided to Plaintiff as a pro se litigant, in the Court's order of November 20, 2024 (Doc. 4), plaintiff may be helped by various resources intended to help people representing themselves without attorneys. These include the "Proceeding Without a Lawyer" section of the court's website at www.flmd.uscourts.gov/litigants-without-lawyers. The Jacksonville Chapter of the Federal Bar Association has a Legal Assistance Program and appointments may be made by calling the clerk's office at (904) 549-1900. A description of this program may be found on the court's website under the aforementioned "Proceeding Without a Lawyer" section. The Jacksonville Area Legal Aid website offers self-help resources along with various events and clinics. www.jaxlegalaid.org.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint, Doc. 25, is **GRANTED without prejudice**.

2. Plaintiff's amended complaint, Doc. 24, is **dismissed without prejudice**, and plaintiff will have an opportunity to refile. To proceed with the case, Plaintiff must file a third amended complaint **no later than July 25, 2025**, that identifies the proper defendant, separately identifies each claim, and contains factual support for each claim.

3

3. Because this will be plaintiff's third opportunity to file her complaint, the Court is unlikely to provide plaintiff another opportunity to fix any additional problems. Or, if Plaintiff does not file an amended complaint by July 25, 2025, the case will be dismissed without prejudice for failure to prosecute without further notice.

4. Defendant's Motion to Strike Plaintiff's Second Amended Complaint, Doc. 28, is **GRANTED**.

**DONE AND ORDERED** in Jacksonville, Florida the 23rd day of June, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record

Cassandra Allen
7883 Melvin Rd.
Jacksonville, FL 32210